UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FIDELITY NATIONAL INFORMATION SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOAO BOCK TRANSACTION SYSTEMS, LLC, <br><br> Defendants. | Case Number: 1:13-cv-01604 <br><br> Judge: To be determined. <br><br> Magistrate Judge: To be determined. <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Fidelity National Information Services, Inc. ("FIS"), for its Complaint for Declaratory Judgment against defendant Joao Bock Transaction Systems, LLC ("JBTS"), avers the following:

### NATURE OF THE ACTION

1. This action is based on the patent laws of the United States, Title 35 of the United States Code. JBTS is the purported assignee of U.S. Patent No. 5,878,337 (the "'337 Patent"), entitled "Transaction Security Apparatus and Method"; U.S. Patent No. 5,903,830 (the "'830 Patent"), entitled "Transaction Security Apparatus and Method"; U.S. Patent No. 6,047,270 ("the '270 Patent"), entitled "Apparatus and Method for Providing Account Security"; U.S. Patent No. 6,529,725 ("the '725 Patent"), entitled "Transaction Security Apparatus and Method"; and U.S. Patent No. 7,096,003 ("the '003 Patent"), entitled "Transaction Security Apparatus" (collectively, "the JBTS Patents").

2. On February 28, 2013, JBTS expressly informed FIS's outside counsel that JBTS was going to assert its rights under the '003 Patent by filing a patent-infringement lawsuit against

FIS based on FIS's ongoing and/or planned activities. JBTS has already filed multiple lawsuits against FIS's customers, including but not limited to a lawsuit filed in this Court, which is still pending, and is styled, *Joao Bock Transaction Systems, LLC v. Barrington Bank & Trust Company, N.A., et al.*, Case No. 1:11-CV-06472, in the United States District Court for the Northern District of Illinois, Eastern Division, the Honorable Harry D. Leinenweber presiding. In that suit, JBTS accuses FIS's customers of infringing the '270 Patent by using products that are provided by FIS. In addition to the threats of and actual litigation against FIS and its customers, JBTS has issued subpoenas to FIS in three separate matters, seeking information on FIS's "Accused Instrumentalities," i.e., products provided by FIS that allegedly infringe the JBTS patent at issue in those matters.

3. Further, JBTS has brought approximately 17 different lawsuits against financial institutions alleging infringement of the '270 Patent, the '337 Patent, the '830 Patent, the '725 Patent, and/or the '003 Patent, all of which cover virtually identical subject matter. Based on JBTS' express communication that it will be filing a lawsuit against FIS for allegedly infringing the '003 Patent, the multiple lawsuits filed against FIS's customers for allegedly infringing one or more of the JBTS Patents by using FIS's products and services, and JBTS' prior litigious conduct, FIS has a reasonable apprehension that JBTS will assert its rights against FIS for each of the JBTS Patents.

4. Contrary to JBTS's allegations, however, FIS does not infringe and has not infringed the JBTS Patents, and therefore has a right to engage in the complained-of activity. As a result of JBTS's actions, FIS risks a suit for infringement by engaging in the complained-of activity, and therefore seeks a declaration of its legal rights. Moreover, the JBTS Patents are invalid. FIS brings this action to obtain declaratory judgments of non-infringement and invalidity of the JBTS Patents.

**THE PARTIES**

5. Plaintiff FIS is a corporation organized under Georgia law, with its headquarters and principal place of business at 601 Riverside Avenue, Jacksonville, FL 32204. FIS provides online banking and other services to its financial-institution customers.

6. On information and belief, JBTS is a limited liability company organized and existing under the laws of Delaware with a principal place of business at 122 Bellevue Place, Yonkers, New York 10703.

**JURISDICTION AND VENUE**

7. This is a civil action regarding allegations of patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, in which FIS seeks declaratory relief under the Declaratory Judgment Act. Thus, the court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

8. This Court has personal jurisdiction over JBTS. JBTS filed and currently maintains a patent infringement suit in this Court against certain FIS customers, including Barrington Bank & Trust Company, Northbrook Bank & Trust Company, Hinsdale Bank & Trust Company, Lake Forest Bank & Trust Company, Libertyville Bank & Trust Company, North Shore Community Bank & Trust Company, American Chartered Bank, and Bridgeview Bank Group. *See Joao Bock Transaction Systems, LLC v. Barrington Bank & Trust Company, N.A., et al.*, Case No. 1:11-CV-06472, in the United States District Court for the Northern District of Illinois, Eastern Division, the Honorable Harry D. Leinenweber presiding. In that suit, JBTS alleges that each of those entities infringes the '270 Patent by using FIS products. Further, in a declaratory judgment action filed by Inuit, Inc. against JBTS involving the '725, '270, and '003 Patents, Joao Bock admitted that this Court properly maintained personal jurisdiction. *See Intuit, Inc. v. Joao Bock Transaction Systems LLC*, Cause No. 1:12-CV-07851, in the United Stated District Court for the Northern District of Illinois, Eastern Division, Dkt. No. 25.

9. This Court can enter the declaratory relief sought in this Complaint because an actual, live, and justiciable controversy exists between FIS and JBTS within the scope of this Court's jurisdiction pursuant to 28 U.S.C. § 2201.

10. On February 28, 2013, JBTS expressly informed FIS's outside counsel that JBTS was going to assert its rights under the '003 Patent by filing a patent-infringement lawsuit against FIS based on FIS's ongoing and/or planned activities. JBTS has already filed multiple lawsuits against FIS's customers, including but not limited to a lawsuit filed in this Court, which is still pending, and is styled, *Joao Bock Transaction Systems, LLC v. Barrington Bank & Trust Company, N.A., et al.*, Case No. 1:11-CV-06472, in the United States District Court for the Northern District of Illinois, Eastern Division, the Honorable Harry D. Leinenweber presiding. In that suit, JBTS accuses FIS's customers of infringing the '270 Patent by using products that are provided by FIS. In addition to the threats of and actual litigation against FIS and its customers, JBTS has issued subpoenas to FIS in three separate matters, seeking information on FIS's "Accused Instrumentalities," i.e., products provided by FIS that allegedly infringe the JBTS patent at issue in those matters.

11. Further, JBTS has brought approximately 17 different lawsuits against financial institutions alleging infringement of the '270 Patent, the '337 Patent, the '830 Patent, the '725 Patent, and/or the '003 Patent, all of which cover virtually identical subject matter.

12. Based on JBTS's prior litigious conduct and express representations, FIS has a reasonable apprehension that JBTS will assert its rights against FIS for each of the JBTS Patents.

13. Based at least on the foregoing communications and JBTS's prior litigious conduct, an actual, live, and justiciable controversy exists between FIS and JBTS for each of the JBTS Patents.

14. FIS does not infringe and has not infringed the JBTS Patents, and therefore has a right to engage in the complained-of activity. As a result of JBTS's actions, FIS risks a suit for infringement by engaging in the complained-of activity, and therefore seeks a declaration of its legal rights.

15. Venue is proper in this Court pursuant to 28 U.S.C. §1391 and 1400 and for the reasons stated above.

## GENERAL ALLEGATIONS

16. Upon information and belief, JBTS is the assignee of the JBTS Patents. On information and belief, the documents attached to this Complaint as Exhibits A through E are true and correct copies of the JBTS Patents.

17. On February 28, 2013, JBTS expressly informed FIS's outside counsel that JBTS was going to assert its rights under the '003 Patent by filing a patent-infringement lawsuit against FIS based on FIS's ongoing and/or planned activities. JBTS has already filed multiple lawsuits against FIS's customers, including but not limited to a lawsuit filed in this Court, which is still pending, and is styled, *Joao Bock Transaction Systems, LLC v. Barrington Bank & Trust Company, N.A., et al.*, Case No. 1:11-CV-06472, in the United States District Court for the Northern District of Illinois, Eastern Division, the Honorable Harry D. Leinenweber presiding. In that suit, JBTS accuses FIS's customers of infringing the '270 Patent by using products that are provided by FIS. In addition to the threats of and actual litigation against FIS and its customers, JBTS has issued subpoenas to FIS in three separate matters, seeking information on FIS's "Accused Instrumentalities," i.e., products provided by FIS that allegedly infringe the JBTS patent at issue in those matters.

18. Further, JBTS has brought approximately 17 different lawsuits against financial institutions alleging infringement of the '270 Patent, the '337 Patent, the '830 Patent, the '725 Patent, and/or the '003 Patent, all of which cover virtually identical subject matter.

19. FIS does not infringe and has not infringed, either directly, contributorily, or by inducement, any valid and enforceable claim of the JBTS Patents, either literally or under the doctrine of equivalents.

20. As a result of JBTS's actions, FIS risks a suit for infringement of the JBTS Patents by engaging in the complained-of activity. Absent a declaration of non-infringement

and/or invalidity, Defendant will continue to wrongly assert the JBTS Patents against FIS and/or its customers, and thereby cause FIS irreparable harm.

## FIRST CAUSE OF ACTION

### (Declaratory Judgment of Non-Infringement of the '270 Patent)

21. FIS hereby incorporates by reference its allegations contained in paragraphs 1 through 20 of this Complaint as though fully set forth herein.

22. FIS does not make, use, offer for sale, sell, import, or export, and has not ever made, used, offered to sell, sold, imported, or exported, a method, device, or apparatus that infringes, either directly, contributorily, or by inducement, any valid and enforceable claim of the '270 Patent, either literally or under the doctrine of equivalents.

23. An actual, live, and justiciable controversy exists between FIS and JBTS concerning the non-infringement of the '270 Patent.

24. Accordingly, FIS seeks and is entitled to a judgment against JBTS that FIS has not infringed and does not infringe (either directly, indirectly, contributorily, or by inducement) any valid and enforceable claim of the '270 Patent, either literally or under the doctrine of equivalents.

## SECOND CAUSE OF ACTION

### (Declaratory Judgment of Invalidity of the '270 Patent)

25. FIS hereby incorporates by reference its allegations contained in paragraphs 1 through 24 of this Complaint as though fully set forth herein.

26. JBTS contends that the '270 Patent is valid.

27. FIS denies JBTS's contention and alleges that the '270 Patent is invalid. The '270 Patent is invalid for failure to meet at least one of the conditions of patentability specified in Title 35 of the United States Code. No claim of the '270 Patent can be validly construed to cover and products and/or services imported, made, used, sold, or offered for sale by FIS.

28. An actual controversy thus exists between FIS and JBTS as to whether the '270 Patent is valid.

29. Accordingly, FIS seeks and is entitled to a judgment against JBTS that the '270 Patent is invalid.

### THIRD CAUSE OF ACTION

### (Declaratory Judgment of Non-Infringement of the '725 Patent)

30. FIS hereby incorporates by reference its allegations contained in paragraphs 1 through 29 of this Complaint as though fully set forth herein.

31. FIS does not make, use, offer for sale, sell, import, or export, and has not ever made, used, offered to sell, sold, imported, or exported, a method, device, or apparatus that infringes, either directly, contributorily, or by inducement, any valid and enforceable claim of the '725 Patent, either literally or under the doctrine of equivalents.

32. An actual, live, and justiciable controversy exists between FIS and JBTS concerning the non-infringement of the '725 Patent.

33. Accordingly, FIS seeks and is entitled to a judgment against JBTS that FIS has not infringed and does not infringe (either directly, indirectly, contributorily, or by inducement) any valid and enforceable claim of the '725 Patent, either literally or under the doctrine of equivalents.

### FOURTH CAUSE OF ACTION

### (Declaratory Judgment of Invalidity of the '725 Patent)

34. FIS hereby incorporates by reference its allegations contained in paragraphs 1 through 33 of this Complaint as though fully set forth herein.

35. JBTS contends that the '725 Patent is valid.

36. FIS denies JBTS's contention and alleges that the '725 Patent is invalid. The '725 Patent is invalid for failure to meet at least one of the conditions of patentability specified in

Title 35 of the United States Code. No claim of the '725 Patent can be validly construed to cover and products and/or services imported, made, used, sold, or offered for sale by FIS.

37. An actual controversy thus exists between FIS and JBTS as to whether the '725 Patent is valid.

38. Accordingly, FIS seeks and is entitled to a judgment against JBTS that the '725 Patent is invalid.

## FIFTH CAUSE OF ACTION

### (Declaratory Judgment of Non-Infringement of the '003 Patent)

39. FIS hereby incorporates by reference its allegations contained in paragraphs 1 through 38 of this Complaint as though fully set forth herein.

40. FIS does not make, use, offer for sale, sell, import, or export, and has not ever made, used, offered to sell, sold, imported, or exported, a method, device, or apparatus that infringes, either directly, contributorily, or by inducement, any valid and enforceable claim of the '003 Patent, either literally or under the doctrine of equivalents.

41. An actual, live, and justiciable controversy exists between FIS and JBTS concerning the non-infringement of the '003 Patent.

42. Accordingly, FIS seeks and is entitled to a judgment against JBTS that FIS has not infringed and does not infringe (either directly, indirectly, contributorily, or by inducement) any valid and enforceable claim of the '003 Patent, either literally or under the doctrine of equivalents.

## SIXTH CAUSE OF ACTION

### (Declaratory Judgment of Invalidity of the '003 Patent)

43. FIS hereby incorporates by reference its allegations contained in paragraphs 1 through 42 of this Complaint as though fully set forth herein.

44. JBTS contends that the '003 Patent is valid.

45. FIS denies JBTS's contention and alleges that the '003 Patent is invalid. The '003 Patent is invalid for failure to meet at least one of the conditions of patentability specified in Title 35 of the United States Code. No claim of the '003 Patent can be validly construed to cover and products and/or services imported, made, used, sold, or offered for sale by FIS.

46. An actual controversy thus exists between FIS and JBTS as to whether the '003 Patent is valid.

47. Accordingly, FIS seeks and is entitled to a judgment against JBTS that the '003 Patent is invalid.

## SEVENTH CAUSE OF ACTION

**(Declaratory Judgment of Non-Infringement of the '337 Patent)**

48. FIS hereby incorporates by reference its allegations contained in paragraphs 1 through 47 of this Complaint as though fully set forth herein.

49. FIS does not make, use, offer for sale, sell, import, or export, and has not ever made, used, offered to sell, sold, imported, or exported, a method, device, or apparatus that infringes, either directly, contributorily, or by inducement, any valid and enforceable claim of the '337 Patent, either literally or under the doctrine of equivalents.

50. An actual, live, and justiciable controversy exists between FIS and JBTS concerning the non-infringement of the '337 Patent.

51. Accordingly, FIS seeks and is entitled to a judgment against JBTS that FIS has not infringed and does not infringe (either directly, indirectly, contributorily, or by inducement) any valid and enforceable claim of the '337 Patent, either literally or under the doctrine of equivalents.

## EIGHTH CAUSE OF ACTION

### (Declaratory Judgment of Invalidity of the '337 Patent)

52. FIS hereby incorporates by reference its allegations contained in paragraphs 1 through 51 of this Complaint as though fully set forth herein.

53. JBTS contends that the '337 Patent is valid.

54. FIS denies JBTS's contention and alleges that the '337 Patent is invalid. The '337 Patent is invalid for failure to meet at least one of the conditions of patentability specified in Title 35 of the United States Code. No claim of the '337 Patent can be validly construed to cover and products and/or services imported, made, used, sold, or offered for sale by FIS.

55. An actual controversy thus exists between FIS and JBTS as to whether the '337 Patent is valid.

56. Accordingly, FIS seeks and is entitled to a judgment against JBTS that the '337 Patent is invalid.

## NINTH CAUSE OF ACTION

### (Declaratory Judgment of Non-Infringement of the '830 Patent)

57. FIS hereby incorporates by reference its allegations contained in paragraphs 1 through 56 of this Complaint as though fully set forth herein.

58. FIS does not make, use, offer for sale, sell, import, or export, and has not ever made, used, offered to sell, sold, imported, or exported, a method, device, or apparatus that infringes, either directly, contributorily, or by inducement, any valid and enforceable claim of the '830 Patent, either literally or under the doctrine of equivalents.

59. An actual, live, and justiciable controversy exists between FIS and JBTS concerning the non-infringement of the '830 Patent.

60. Accordingly, FIS seeks and is entitled to a judgment against JBTS that FIS has not infringed and does not infringe (either directly, indirectly, contributorily, or by inducement)

any valid and enforceable claim of the '830 Patent, either literally or under the doctrine of equivalents.

## TENTH CAUSE OF ACTION

### (Declaratory Judgment of Invalidity of the '830 Patent)

61. FIS hereby incorporates by reference its allegations contained in paragraphs 1 through 60 of this Complaint as though fully set forth herein.

62. JBTS contends that the '830 Patent is valid.

63. FIS denies JBTS's contention and alleges that the '830 Patent is invalid. The '830 Patent is invalid for failure to meet at least one of the conditions of patentability specified in Title 35 of the United States Code. No claim of the '830 Patent can be validly construed to cover and products and/or services imported, made, used, sold, or offered for sale by FIS.

64. An actual controversy thus exists between FIS and JBTS as to whether the '830 Patent is valid.

65. Accordingly, FIS seeks and is entitled to a judgment against JBTS that the '830 Patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, FIS prays for a declaratory judgment against Defendant as follows:

A. Declare that FIS has not infringed and does not infringe in any manner any claim of the '270 patent;

B. Declare that each and every claim of the '270 patent is invalid;

C. Permanently enjoin Plaintiff, its successors and assigns, and anyone acting in concert therewith or on its behalf, from attempting to enforce the '270 patent against FIS or any parents, affiliates, or subsidiaries of FIS or any of its respective officers, agents, employees, successors, and assigns.

D. Declare that FIS has not infringed and does not infringe in any manner any claim of the '725 patent;

E. Declare that each and every claim of the '725 patent is invalid;

F. Permanently enjoin Plaintiff, its successors and assigns, and anyone acting in concert therewith or on its behalf, from attempting to enforce the '725 patent against FIS or any parents, affiliates, or subsidiaries of FIS or any of its respective officers, agents, employees, successors, and assigns.

G. Declare that FIS has not infringed and does not infringe in any manner any claim of the '003 patent;

H. Declare that each and every claim of the '003 patent is invalid;

I. Permanently enjoin Plaintiff, its successors and assigns, and anyone acting in concert therewith or on its behalf, from attempting to enforce the '003 patent against FIS or any parents, affiliates, or subsidiaries of FIS or any of its respective officers, agents, employees, successors, and assigns.

J. Declare that FIS has not infringed and does not infringe in any manner any claim of the '337 patent;

K. Declare that each and every claim of the '337 patent is invalid;

L. Permanently enjoin Plaintiff, its successors and assigns, and anyone acting in concert therewith or on its behalf, from attempting to enforce the '337 patent against FIS or any parents, affiliates, or subsidiaries of FIS or any of its respective officers, agents, employees, successors, and assigns.

M. Declare that FIS has not infringed and does not infringe in any manner any claim of the '830 patent;

N. Declare that each and every claim of the '830 patent is invalid;

O. Permanently enjoin Plaintiff, its successors and assigns, and anyone acting in concert therewith or on its behalf, from attempting to enforce the '830 patent against FIS or any parents, affiliates, or subsidiaries of FIS or any of its respective officers, agents, employees, successors, and assigns.

P. Find this case exceptional and award FIS its costs and expenses, including reasonable attorneys' fees, in accordance with the provisions of 35 U.S.C. § 285 or otherwise; and

Q. Award FIS any additional relief as the Court may deem appropriate and just under the circumstances.

## **DEMAND FOR JURY**

FIS requests that all issues triable by a jury be so tried in this case.

Dated: March 1, 2013　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　**BAKER & McKENZIE LLP**

　　　　　　　　　　　　　　　　　　　　　　 /s/ Daniel A. Tallitsch
Daniel A. Tallitsch　　　　　　　　　　　　Daniel A. Tallitsch
**BAKER & McKENZIE LLP**
300 E. Randolph Street
Chicago, IL  60601
ph:　　(312) 861-8000
fax:　　(312) 698-2420
daniel.tallitsch@bakermckenzie.com

Attorneys for Plaintiff, Fidelity National
Information Services, Inc.